

Steven T. Lovett, OSB No. 910701
email: stlovett@stoel.com
Nathan C. Brunette, OSB No. 090913
email: ncbrunette@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

FILED'10 FEB 2 8 27USDC-ORP

Attorneys for Plaintiff Leupold & Stevens, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**PORTLAND DIVISION**

| | |
|---|---|
| LEUPOLD & STEVENS, INC., an Oregon corporation, | Civil No. CV'10-0104 HU |
| Plaintiff, | COMPLAINT FOR PATENT INFRINGEMENT |
| v. | DEMAND FOR JURY TRIAL |
| BUSHNELL INC., d/b/a BUSHNELL OUTDOOR PRODUCTS, a Delaware corporation, | |
| Defendant. | |

Plaintiff Leupold & Stevens, Inc., for its Complaint and Jury Demand against Defendant, states as follows:

**I. PARTIES**

1. Plaintiff Leupold & Stevens, Inc. (hereinafter "Plaintiff") is an Oregon corporation with its principal place of business in Beaverton, Oregon.

Page 1 - COMPLAINT FOR PATENT INFRINGEMENT (DEMAND FOR JURY TRIAL)

#31426

Portlnd2-4825626.1 0044500-00093

2.      Upon information and belief, Defendant Bushnell Inc., d/b/a Bushnell Outdoor Products (hereinafter "Defendant") is a Delaware corporation with its principal place of business in Overland Park, Kansas.

## II. JURISDICTION AND VENUE

3.      This action is brought pursuant to the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. § 281.

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over the Defendant because it offers and sells its products in this District. Venue in this Court is proper under 28 U.S.C. §§ 1391 and 1400 because Defendant resides in this District.

## III. FACTUAL BACKGROUND

6.      Plaintiff is a world leader in the design and manufacture of precision optical instruments, including firearm mounted scopes, firearm mounted and handheld laser rangefinders, and other products for the shooting sports, general and wildlife observation, and the military and law enforcement communities. Plaintiff and Defendant, as well as others compete in some segments of these markets.

7.      Upon information and belief, since at least January 2008, Defendant has offered one or more products which infringe Plaintiff's patented technology (as specified below).

## FIRST CLAIM FOR RELIEF

## (Patent Infringement – 35 U.S.C. § 271)

8. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 7 of this Complaint.

9. On February 2, 2010, U.S. Patent No. 7,654,029 for BALLISTIC RANGING METHODS AND SYSTEMS FOR INCLINED SHOOTING ("the '029 Patent") was issued by the United States Patent and Trademark Office.

10. Plaintiff is the sole owner by assignment of the '029 Patent and has the exclusive right to prevent and to recover damages for infringement of the claims thereof.

11. Defendant has infringed and continues to infringe, either directly, or in a contributory or an induced manner (35 U.S.C. § 271(a), (b), or (c)), one or more claims of the '029 Patent in this District and elsewhere by making, using, offering to sell, selling, and importing rangefinders (collectively, the "ARC Rangefinders") identified as the SCOUT 1000 ARC (Angle Range Compensation) (Model Nos. 201932 and 201942); ELITE 1500 ARC (Angle Range Compensation) (Model No. 205101); and LEGEND 1200 ARC (Model Nos. 204100 and 204101).

12. Upon information and belief, Defendant had notice of Plaintiff's patent rights under the '029 Patent, yet willfully and intentionally commenced and has continued infringement of the '029 Patent.

13. Plaintiff has been and will continue to be damaged by Defendant's continuing infringement of the '029 Patent.

14. Plaintiff has been and will continue to be harmed irreparably by Defendant's infringement of the '029 Patent and has no adequate remedy at law.

PortInd2-4825626.1 0044500-00093

## SECOND CLAIM FOR RELIEF

## (Provisional Rights – 35 U.S.C. § 154(d))

15.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 14 of this Complaint.

16.     United States Patent Application No. 11/555,591 was published by the United States Patent and Trademark Office on June 21, 2007 as United States Patent Application Publication No. US 2007/0137088 A1 (the "Published '088 Application").

17.     The resulting '029 Patent issued with at least one or more claims in substantially identical form to the claims as published in the Published '088 Application.

18.     Defendant had actual notice of the Published '088 Application at least as early as January 24, 2008, when Plaintiff notified Defendant in writing through Defendant's outside counsel of the existence of the Published '088 Application and of certain specific infringing activities of Defendant. A copy of Plaintiff's January 24, 2008 written notice to Defendant is attached as Exhibit 1. A copy of a responsive letter acknowledging Defendant's receipt of Plaintiff's written notification is attached as Exhibit 2.

19.     Defendant's ARC Rangefinders infringe one or more claims of the Published '088 Application which claims issued in substantially identical form in the '029 Patent.

20.     Defendant has violated Plaintiff's Provisional Rights pursuant to 35 U.S.C. § 154(d) by making, using, offering for sale, selling and importing the ARC Rangefinders after receiving actual notice of the Published '088 Application.

21.     Plaintiff is entitled to recover a reasonable royalty for Defendant's violation of Plaintiff's Provisional Rights for the period from Defendant's earliest actual notice of the Published '088 Application through February 2, 2010, the date of issuance of the '029 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Enter an order declaring the '029 Patent infringed by Defendant;

B.  Enter an order preliminarily and permanently enjoining the Defendant, its officers, directors, employees, agents, representatives, and all persons acting or claiming to act on its behalf or under its direction or authority from directly or contributorily infringing, or inducing infringement of, any claims of the '029 Patent;

C.  Enter judgment in favor of Plaintiff and against Defendant for damages for patent infringement pursuant to 35 U.S.C. § 284 in an amount to be determined at trial, but in no event less than a reasonable royalty for infringement of the '029 Patent;

D.  Enter judgment in favor of Plaintiff and against Defendant for treble damages pursuant to 35 U.S.C. § 284 by reason of Defendant's deliberate and willful patent infringement of the '029 Patent;

E.  Enter judgment in favor of Plaintiff and against Defendant pursuant to 35 U.S.C. §§ 154(d) and 284 for damages for infringement of Plaintiff's provisional rights under the Published '088 Application and the '029 Patent in an amount to be determined at trial, but in no event less than a reasonable royalty for the pre-grant infringement of Plaintiffs provisional rights under the '029 Patent, with interest;

F.  Enter an order awarding Plaintiff interest and reasonable attorneys' fees pursuant to 35 U.S.C. § 285, as well as costs and expenses; and

G.  Enter an order granting Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial to a jury of all issues properly triable to a jury.

DATED: February 2, 2010.

STOEL RIVES LLP

_____
STEVEN T. LOVETT
OSB No. 910701
NATHAN C. BRUNETTE
OSB No. 090913
Telephone: (503) 224-3380

Attorneys for Plaintiff Leupold & Stevens, Inc.

Page 6  -  COMPLAINT AND JURY DEMAND

PortInd2-4825626.1 0044500-00093